**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID No. 2201008017
)
CHARLES J DESTAFNEY, )
)
Defendant. )

**ORDER**

On this 22nd day of July, 2026, upon consideration of Charles Destafney's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On February 26, 2026, the Court found Defendant in violation of his probation and sentenced him to 12 years at Level V, suspended after 6 months at Level IV DOC discretion, followed by 1 year at Level III, held at Level V until space is available at Level IV.[2] As to the Conditional Release, Defendant was placed in the custody of the Department of Correction for 46 days at Level V.[3]

2. On April 27, 2026, Defendant filed the instant Motion, noting that he had been awaiting a Level IV placement since early April and requesting that he be

---

[1] Docket Item (hereinafter "D.I.") 40 (hereinafter "Mot.").
[2] Sentence Order (D.I. 39).
[3] *Id.*

placed in Level IV home confinement.[4] His basis for this request are his pending responsibilities at home, need to maintain his property, and the limits of available DOC bedspace.[5]

3. The Court considers motions for modification of a sentence under Rule 35(b). Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[6] There are no applicable procedural bars, and thus the Court considers the Motion on the merits.

4. In reviewing Defendant's case, the Court has learned that Defendant was placed in a DOC Level IV facility shortly after the Motion was filed. That portion of the Motion is therefore moot.

5. The remainder of the Motion is denied. As to the remainder, the Motion is denied. Defendant's sentence was appropriate at the time of sentencing. The Court imposed the sentence after a thorough review of the crimes committed and the sentencing information available on the record. The Court declines to recalibrate an appropriate sentence on the bases articulated by Defendant.

---

[4] Mot.
[5] Mot.
[6] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).

6.	Accordingly, Defendant's Motion for Sentence Modification is

**DENIED.**


**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge